IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEMARC M. MASON,

        Plaintiff,                    No. CIV S-08-2604 DAD P

   vs.

J. LEWIS, et al.,                     <u>ORDER AND</u>

        Defendants.            <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se, seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1). Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. <u>See</u> 28 U.S.C. §§ 1914(a) & 1915(b)(1). An initial partial filing fee of $3.90 will be assessed by this order. <u>See</u> 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1

These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740
/////

(1976).  The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In his complaint, plaintiff alleges that on May 28, 2008, he was removed from his prison job.  Plaintiff asserts that he had a temporary medical chrono which directed that for six weeks, he should not lift more than ten pounds.  Plaintiff's job involved moving dialysis supplies from the basement to the storage area of the dialysis clinic.  On April 3, 2008, plaintiff hurt his back moving cases of water.  Plaintiff contends that when he saw the doctor, he was given a "lay-in," medication, and issued the temporary medical chrono.  Because the chrono was temporary, plaintiff alleges that he should not have been removed from his job as a result.  Plaintiff seeks compensation "for the time miss[ed] at my job assignment, and compensation from each defendant in the amount of $5,000 each." (Compl. at 3.)  Named as defendants are plaintiff's supervisors at the dialysis clinic and correctional staff who authorized his "unassignment."  (Id.)

Prisoners do not have a constitutional right to educational or vocational programs.  Hoptowit v. Ray, 682 F.2d 1237, 1255 (9th Cir. 1982).  Additionally, although California has created a sentence credit scheme in exchange for performance in a work, training or education program, this scheme does not create a protected liberty interest in a prison job.  Toussaint v. McCarthy, 801 F.2d 1080, 1094-1095 (9th Cir. 1986).  Therefore, plaintiff has failed to state a cognizable claim and this action should be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's December 18, 2008 application requesting leave to proceed in forma pauperis (Doc. No. 12) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee of $3.90.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

/////

3. The Clerk of the Court is directed to randomly assign this case to a District Judge.

Also, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 5, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
mas2604.fsc

4