IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEMARC M. MASON,

    Plaintiff,                      No. CIV S-08-2604 JAM DAD P

    vs.

J. LEWIS, et al.,

    Defendant.                  ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On October 6, 2009, the court filed findings and recommendations recommending that this action be dismissed due to plaintiff's failure to state a cognizable claim. Plaintiff has filed objections to those findings and recommendations, contending that if he were granted leave to amend, he could allege additional facts in support of an Eighth Amendment claim. Therefore, the court will vacate the findings and recommendations and provide plaintiff with the opportunity to file an amended complaint.

        Plaintiff is advised that "[n]ot every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny, however." Whitley v. Albers, 475 U.S. 312, 319 (1986). It is "unnecessary and wanton infliction of pain" that constitutes cruel and unusual punishment forbidden by the Eighth Amendment. Id.; see also Ingraham v. Wright,

1

1   430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  "It is obduracy and
2   wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by
3   the Cruel and Unusual Punishments Clause."  Whitley, 475 U.S. at 319.
4              "[A] prison official violates the Eighth Amendment only when two requirements
5   are met."  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  "First, the deprivation alleged must be,
6   objectively, 'sufficiently serious.'"  Id. (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).
7   The second requirement, flowing from the principle that only the unnecessary and wanton
8   infliction of pain implicates the Eighth Amendment, is a subjective one; "[t]o violate the Cruel
9   and Unusual Punishments Clause, a prison official must have had a 'sufficiently culpable state of
10  mind.'"  Id. (quoting Wilson, 501 U.S. at 297).  That state of mind is one of deliberate
11  indifference to the inmate's health or safety.  Id.  (quoting Wilson, 501 U.S. at 302-03.)
12             In his amended complaint, plaintiff must allege facts demonstrating how the
13  conditions complained of resulted in a deprivation of his federal constitutional or statutory rights.
14  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The amended complaint must allege in
15  specific terms how each named defendant was involved in the deprivation of plaintiff's rights.
16  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or
17  connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423
18  U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588
19  F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil
20  rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
21             Plaintiff is also informed that the court cannot refer to a prior pleading in order to
22  make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended
23  complaint be complete in itself without reference to any prior pleading.  This is because, as a
24  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
25  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
26  /////

longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations, filed on October 6, 2009 (Doc. No. 15), are vacated;

2. Plaintiff's complaint (Doc. No. 1) is dismissed;

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; plaintiff must use the form complaint provided by the court and answer each question; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice; and

4. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a § 1983 action.

DATED: December 1, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
mas2604.vac